19 So.2d 544

**KING v. STATE.**

**7 Div. 766.**

Court of Appeals of Alabama.

June 30, 1944.

Rehearing Denied Aug. 22, 1944.

514

Jas. L. Carter, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case originated in the county court upon affidavit and warrant. From a judgment of conviction therein, this appellant appealed to the circuit court and was there tried upon a complaint filed by the solicitor wherein, under several alternative averments, he was charged with violating the prohibition law of the state. He was again convicted by a verdict of the jury, and judgment of conviction was duly pronounced and entered.

There was direct and positive evidence offered by the State to sustain the accusation in the complaint. Said testimony was that of witnesses McKinney and Easterwood, both of whom stated they were agents of the Alabama Beverage Control Board, and that on the night in question, viz., the 22nd of August they went together to the home of appellant and bought a pint of whiskey from this appellant for which they paid him $2.50 for the pint. There was no uncertainty as to the identification by said witnesses that appellant was the man who sold them the pint of whiskey.

The defendant testified in his own behalf and denied that he sold the whiskey to the two State's witnesses, as testified to by them. He also offered the testimony of two of his kinspeople whose testimony tended to corroborate that of the defendant.

The above conflicting evidence made a jury question, and the court properly submitted the case to the jury. By motion for a new trial the defendant insisted the conviction was wrong and unjust and contrary to the law and the evidence. The court ruled otherwise to which exception was reserved. No error appears in this connection. As stated, a question of fact, pure and simple, was presented by the evidence. That for the State was ample to support the verdict of the jury and to sustain the judgment of conviction pronounced and entered.

There appears in the record a purported refused charge, affirmative in its nature. This charge bears the signature of "Lamar Field, Judge," but it does not appear to have any endorsement thereon. This is wholly immaterial, however, for under no aspect of this case was the defendant entitled to a directed verdict.

One or two other insistences are urged upon this appeal, but they are each so clearly without merit no discussion in this connection is necessary.

Affirmed.

CARR, J., not sitting.